# Investigative Authority Vested in the Inspector General of the Department of Transportation

The Inspector General of the Department of Transportation has the same broad authority to investigate fraud against Department programs and operations that the investigative units transferred into the Office of Inspector General possessed when the Inspector General Act of 1978 became law.

December 19, 1989

MEMORANDUM OPINION FOR THE INSPECTOR GENERAL
DEPARTMENT OF TRANSPORTATION

This is in response to your letter of November 1, 1989, requesting the views of this Office concerning the scope of your investigative authority as Inspector General of the Department of Transportation ("DOT-IG"). You specifically asked us to consider whether you have authority under the Inspector General Act of 1978 (the "Act"), 5 U.S.C. app., to investigate allegations of fraud against DOT programs and operations by private parties who do not receive federal funds. You indicated that examples of such fraud include false statements to DOT in applications for permits or licenses and the forgery or alteration of DOT documents or of statements or signatures by DOT personnel on non-DOT documents. You have not asked for our views with respect to any specific investigation or any specific category of investigations for particular DOT programs or operations.

Subject to the caveat that this letter must not be understood as specific approval of any particular investigation or category of investigations for a particular program or operation, it is our view that, pursuant to section 9(a)(1)(K) of the Act, you possess the same broad authority to investigate fraud against DOT that the various investigative units that the Act transferred to your Office possessed at the time of the transfer. In light of this conclusion, it is unnecessary at this time to decide whether the provisions of the Act that set forth the general authority of all Inspectors General also authorize such investigations. Should you conclude that a particular investigation is not encompassed by the authority of the investigative units transferred to your Office by the Act, we would be pleased to consider the issue of your general authority.

377

## Discussion

Section 9(a)(1)(K) of the Inspector General Act transferred to the newly created DOT-IG

> the offices of [DOT] referred to as the "Office of Investigations and Security" and the "Office of Audit" of the Department, the "Offices of Investigations and Security, Federal Aviation Administration", and "External Audit Divisions, Federal Aviation Administration", the "Investigations Division and the External Audit Division of the Office of Program Review and Investigation, Federal Highway Administration", and the "Office of Program Audits, Urban Mass Transportation Administration".

As discussed below, the Act's legislative history and DOT's immediate implementation of the Act indicate a contemporaneous understanding by Congress and DOT that the investigative authority of the DOT-IG under this provision was as broad as the authority possessed by these predecessor offices at the time the Act became law. It was also understood that this provision had the effect of transferring substantially all existing DOT investigative responsibilities to the DOT-IG.

The Senate report on the Act noted that the DOT-IG would have the responsibility for all DOT auditing and investigative work:

> The Department of Transportation has expressed its opposition to the decision to consolidate the auditing and investigating units now found in the various modal administrations of DOT into the office of [Inspector General].

> The committee recognizes that the various modes in DOT have unique independence growing directly from the Department of Transportation Act and the statutes creating the Federal Aviation Administration, Federal Highway Administration, and Urban Mass Transit Administration. However, the committee does not believe that the current arrangements — a proliferation of 116 audit and investigative units with audit units working for the program administrators whose programs they purport to audit — is a satisfactory arrangement. The committee believes that the effort to consolidate responsibility for auditing and investigation in an independent individual would be undermined if there was not one Inspector and Auditor General in the Transportation Department with overall accountability for all auditing and investigative work.

S. Rep. No. 1071, 95th Cong., 2d Sess. 39 (1978).

On April 27, 1979, Secretary of Transporation Brock Adams issued a memorandum providing information on the newly established Office of Inspector General for DOT. In that memorandum he stated that:

> The [Inspector General] Act identifies the audit and investigations organizations which have been transferred to the IG .... I am further authorized [by section 9(a)(2) of the Act] to transfer other functions, offices or agencies which are related to the functions of the IG. Although I do not propose transferring any other offices to the IG at this time, I do wish to make it clear that, other than the investigations programs involving United States Coast Guard Officer and Enlisted Personnel, and odometer fraud (Public Law 94-364)[,] there should be no auditor or criminal investigator personnel employed in DOT other than within the Office of Inspector General.
>
> ....
>
> ... I believe that the combining of all auditors and investigators into the IG organization will enhance the quality of audit and investigations service in this Department.

*Id.* at 1-2.

It is evident that Congress and DOT understood that, except for the two investigative programs mentioned in the Secretary's memorandum, all DOT investigative responsibilities that existed at the time the Inspector General Act was enacted had been transferred by the Act to the DOT-IG. DOT's investigative authority thus generally rests with the DOT-IG,[1] and the DOT-IG may investigate all matters, including fraud against DOT programs and operations, that the investigative units specified in section 9(a)(1)(K) of the Act were authorized to investigate at the time they were transferred by the Act to the Office of the DOT-IG.

Mission statements for the transferred investigative units were included in the implementation plan for the establishment of the DOT-IG, which DOT submitted to the Office of Management and Budget on January 5, 1979. The descriptions generally appear broad enough to have included investigating false statements and similar fraud against DOT programs or operations. For example, the mission statement for the Office of Investigations and Security of the Federal Aviation Administration ("FAA") indicates generally that it was the "principal staff element of FAA with

---

[1]As Secretary Adams recognized in his memorandum, various other DOT components may, from time to time, be assigned specific investigative authority by statute or administrative action We have not conducted a review of such assignments.

respect to ... [i]nvestigations in support of the FAA's basic mission" (sec. 2(a)(1)). More specifically, it conducted "[p]reliminary investigation[s] of allegations of violations of ... Federal criminal statutes (bribery, fraud, graft, false statements, theft of Government property, etc., as encompassed in Title 18, U.S. Code)" (sec. 2(c)(9)), and "[t]he subjects of investigations include[d] FAA applicants and employees; contractor personnel; sponsors and grantees; airmen, air and commercial carriers, and *other individuals certificated or designated by the FAA*" (Audit and Investigative Plan, at 17) (emphasis added).

While it would appear that collectively the authority that transferred to the DOT-IG with the various investigative units was quite broad, it is beyond the scope of this letter to discuss specifically the authority of each transferred unit. If you have any such specific questions, you should raise them in the first instance with agency counsel, who have expertise regarding the relevant statutes and programs.

### Conclusion

It is our view that, pursuant to section 9(a)(1)(K) of the Inspector General Act, the DOT-IG has the same broad authority to investigate allegations of fraud against DOT programs and operations that the investigative units transferred into that Office possessed at the time the Act became law. In light of this conclusion, it appears unnecessary to decide whether investigations of fraud against DOT programs and operations are also authorized by the general provisions of the Act. We would be pleased to advise you further if you believe a particular investigation is beyond the authority of the transferred units.

WILLIAM P. BARR
*Assistant Attorney General*
*Office of Legal Counsel*